UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSEPH NORMAN BROWN, III,

    Plaintiff,

v.                                                    Case No. 5:22-cv-261-TKW-MJF

BRITTANY HENDERSON and
CHRISTIAN GRIFFIN,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Joseph Norman Brown, III, inmate # R87519, has filed a complaint pursuant to 42 U.S.C. § 1983 against two employees of the Florida Department of Corrections ("FDC"). Doc. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. Doc. 2. Pursuant to 28 U.S.C. § 1915(g), the District Court should dismiss this case without prejudice because Plaintiff has incurred three strikes and therefore is barred under section 1915(g) from proceeding *in forma pauperis*.

I. Background

Plaintiff asserts that Defendants Brittany Henderson and Christian Griffin violated his First-Amendment right to access the courts. Doc. 1 at 14. In support of his claim, Plaintiff alleges that he has a pending "Florida County Court Case No: 05-2021-CC-042835" in which he is "pursuing relief regarding a non-frivolous legal

claim." *Id.* Because the defendant in the state case is proceeding *pro se* and has not designated an email address for service, Plaintiff is required to serve the defendant by mail motions and other filings in that case. *Id.*

Plaintiff alleges that the only envelopes he has in his possession are marked "legal mail" and that he cannot afford plain envelopes from the prison's commissary. *Id.* at 14, 16. Plaintiff asserts that the Defendants have mischaracterized his mail and have failed to provide free postage and envelopes, which has "impede[d], frustrate[d], and hindere[d] the prosecution of a non-frivolous legal claim/action." Doc. 1 at 17. For relief, Plaintiff demands that he be provided with "postage and envelopes to mail legal documents to the unrepresented party in case 042835." *Id.* at 18.

## II. Discussion

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances in which the prisoner-litigant is in imminent danger of serious physical injury. *Id.* The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

unless the prisoner is under imminent danger of serious physical injury.

*Id.*

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)," because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

Plaintiff is a frequent litigator in federal courts, and he has accumulated at least the following "strikes":

- *Brown v. Ivey*, No. 6:20-cv-2158-WWB-EJK, ECF No. 3 (M.D. Fla. Nov. 30, 2020) (dismissed for failure to state a claim upon which relief can be granted), *aff'd Brown v. Ivey*, No. 21-10062, 2022 WL 595726, at *2 (11th Cir. Feb. 28, 2022).

- *Brown v. Brown*, No. 6:20-cv-1624-GKS-LRH, ECF No. 4 (M.D. Fla. Sept. 21, 2020) (dismissed for failure to state a claim upon which relief can be granted).

- *Brown v. Anderson*, No. 6:21-cv-32-GKS-GJK, ECF No. 6 (M.D. Fla. Jan. 27, 2021) (dismissed for failure to state a claim upon which relief can be granted).[1]

Other federal courts have recognized that Plaintiff already has incurred three strikes. *See, e.g.*, *Brown v. Ivey*, No. 6:21-cv-477-GKS-DCI, Order of Dismissal, ECF No. 5 (M.D. Fla. Mar. 19, 2021) (dismissing, pursuant to 1915(g), Plaintiff's complaint because he had three prior cases dismissed for failure to state a claim); *Brown v. Ivey*, No. 6:21-cv-465-GAP-EJK, Order of Dismissal, ECF No. 4 (M.D. Fla. Mar. 17, 2021) (same).

Because Plaintiff has incurred three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown,* 387 F.3d at 1349. To fall within that exception, Plaintiff's complaint must include "specific, credible allegations of imminent danger of serious *physical* harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). Here, Plaintiff's allegations—that Defendants

---

[1] The undersigned takes judicial notice of other lawsuits Plaintiff has filed pursuant to Rule 201(b) of the Federal Rule of Evidence. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

mischaracterized the nature of his outgoing mail and failed to provide him free postage and envelopes to mail a document relating to a state lawsuit—fail to make a colorable showing that he is under imminent danger of serious *physical* injury at the time he filed the complaint. *See Daker v. Jackson*, 942 F.3d 1252, 1257 (11th Cir. 2019).

### III.  CONCLUSION

Because Plaintiff is barred from proceeding *in forma pauperis* and he failed to pay the filing fee at the time he initiated this lawsuit, and the "imminent danger" exception does not apply, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DENY** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, Doc. 2.

2. **DISMISS** this action, pursuant to 28 U.S.C. 1915(g), without prejudice to Plaintiff initiating a new cause of action accompanied by payment of the $402.00 filing fee in its entirety.

3. **DIRECT** the clerk of the court to close this case file.

At Pensacola, Florida, this 9th day of November, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**